UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD PATTON<br>Inmate No. 20948281,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ANTHONY REY, Interim Sheriff; SONIA L. MANNING, Facility Commander; MONTGOMERY, Chief Medical Officer; COUNTY OF SAN DIEGO,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:22-cv-02028-CAB-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Arnold Patton ("Plaintiff"), currently detained at the Vista Detention Facility ("VDF") in Vista, California, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has submitted a copy of his San Diego Sheriff's Department account activity statement. *See* ECF No. 2 at 6-8. Based on this statement, the Court finds that Plaintiff has had an average monthly balance of $47.92 and an average monthly deposit of $100 for the six months prior to filing this action.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec., 2020). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

The Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses an initial partial filing fee of $20.00 pursuant to 28 U.S.C. Section 1915(b)(1)(A). The Court directs the San Diego County Sheriff, or their designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The Court further directs the San Diego County Sheriff, or their designee, to collect the remaining balance of the filing fees required by 28 U.S.C. Section 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1).

## II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)

### A.     Standard of Review

Because he is proceeding IFP, Plaintiff's Complaint is also subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### B. Plaintiff's Allegations

Plaintiff claims to suffer from vision loss in one eye. *See* Compl. at 3. Plaintiff claims that he has not been "properly treated" and he has "done everything possible to request the proper attention" but the "matter is still not resolved." *Id.*

In July, Plaintiff suffered a "major attack" while in his cell due to his "severe COPD." *Id.* He "asked a deputy if [he] could be taken to medical" but alleges the unnamed deputy did not "take him seriously." *Id.* When another staff member came by his cell they notified medical and Plaintiff was taken to the hospital. *See id.*

Finally, Plaintiff claims that there have been "extended periods of lockdown" and a staff shortage has resulted in more time spent in cells. *Id.* at 4. Plaintiff maintains that this practice can "lead to many mental health problems." *Id.* He further claims the staff shortage has resulted in staff becoming "prone to mistakes and mistreatment." *Id.*

Plaintiff names as Defendants the County of San Diego, the Sheriff of San Diego County Anthony C. Ray, the Chief Medical Officer Montgomery, and the Facility Commander Sonia Manning. *See id.* at 2. Plaintiff seeks injunctive relief in the form of "proper medical care and preventions of long hours on lockdown," along with compensatory and punitive damages. *Id.* at 6.

/ / /

/ / /

### C.     42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D.     Discussion

The principles underlying the Eighth Amendment's prohibition on the infliction of cruel and unusual punishment "establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[A]n inadvertent failure to provide adequate medical care," allegations that "a physician has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do not state an Eighth Amendment claim. *Estelle*, 429 U.S. at 105-06 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson*, 501 U.S. at 298. "Although routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, 'those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), quoting *Wilson v. Seiter*,

501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Second, "a prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety." *Farmer,* 511 U.S. at 834, quoting *Wilson*, 501 U.S. at 302-03. The deliberate indifference prong of an Eighth Amendment violation "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "[T]he prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004), quoting *Farmer*, 511 U.S. at 837.

It appears that the claims in Plaintiff's Complaint detail events that occurred while he was a pre-trial detainee. As a pre-trial detainee, an objective test for deliberate indifference under the Due Process Clause of the Fourteenth Amendment is applied rather than a subjective test under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that the Due Process Clause of the Fourteenth Amendment is applicable to claims of pre-trial detainees rather than the Eighth Amendment because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.") Under the objective reasonableness standard, Plaintiff must "prove more than negligence but less than subjective intent - something akin to reckless disregard." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). To state a 42 U.S.C. § 1983 claim for inadequate medical care or unconstitutional conditions of confinement, a pre-trial detainee must plausibly allege that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and (iv) by not

taking such measures, the defendant caused plaintiff's injuries." *Id*.

### 1. County of San Diego

In order to state a claim against Defendant County of San Diego, Plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the County has a policy, custom or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom or practice was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011), citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.") Municipal liability may be shown when an employee who committed the constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014), citing *Monell*, 436 U.S. at 694. Municipal liability arising from an alleged failure to train jail staff requires allegations "that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018), quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

Plaintiff's allegation that inadequate medical care for his vision problems or the delay in response to his request for treatment for his COPD, by themselves, fails to state a municipal liability claim because "proof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents" will not give rise to § 1983 municipal liability. *Grant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 1996); *Monell*, 436 U.S. at 691 (for an unwritten policy or custom to form the basis of a claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice).

Rather, liability based on custom, practice or policy "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Facts regarding the specific nature of the policy, custom or practice are required, as merely stating the subject to which the policy relates, such as medical care, is insufficient. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (a complaint with conclusory allegation of a municipal policy fails to state a claim where it does not "put forth additional facts regarding the specific nature of this alleged policy, custom or practice.")

In addition, Plaintiff has alleged that systemic operational deficiencies caused by understaffing have resulted in the conditions of confinement listed in the Complaint, but other than the vague allegations relating to his vision care and the one incident that his COPD treatment was delayed, he has not set forth any factual allegations regarding how those alleged systemic operational deficiencies have affected him. If Plaintiff wishes to proceed with a claim against the County of San Diego, he must set forth factual allegations which identify a San Diego County custom, policy or practice *and* plausibly allege a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Collins v. County of Harker Heights*, 503 U.S. 115, 123 (1992); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (in order to impose liability on a local government under § 1983 a plaintiff must plead and prove that an "action pursuant to official municipal policy" caused their injury.) Otherwise, he must allege a failure to train or that an "individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez*, 891 F.3d at 802-03. Even assuming the allegations of systemic failures are sufficient to allege a custom or policy of the County of San Diego, Plaintiff has not plausibly alleged that custom or policy has resulted in deliberate indifference because he has not identified any effect on him, other than a single instance of delay in medical care for his COPD and unspecified inadequate treatment for his vision problem, which does not

plausibly allege a violation of the Eighth or Fourteenth Amendment. *See Grant*, 772 F.3d at 618 ("proof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents" will not give rise to § 1983 municipal liability); *Monell*, 436 U.S. at 691 (for an unwritten policy or custom to form the basis of a claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice).

### 2. Individual Defendants

Plaintiff names as the remaining Defendants the Sheriff of San Diego County, the Chief Medical Director, and the Facility Commander. Plaintiff does not allege any specific factual allegations as to any of these named Defendants. In order to state a claim under 42 U.S.C. § 1983 against these Defendants, Plaintiff must allege facts sufficient to show that each Defendant individually participated in causing a constitutional violation. "[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the constitution." *Iqbal*, 556 U.S. at 676-77 (rejecting argument that "a supervisor's mere knowledge of his subordinate's [unconstitutional actions] amounts to the supervisor's violating the Constitution.") "A supervisory official may be held liable under § 1983 only if 'there exists either (1) his or her personal involvement in the constitutional violation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018), quoting *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted).

Plaintiff must set forth factual allegations identifying individual acts or omissions by each person related to his medical treatment or conditions of confinement which resulted in a constitutional violation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a

constitutional deprivation."); *Gordon*, 888 F.3d at 1125 (in order to state a § 1983 claim for inadequate medical care or unconstitutional conditions of confinement a pre-trial detainee must plausibly allege that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries.")  Plaintiff does not identify any individual Defendant who knew of and deliberately ignored his need for treatment.  Although Plaintiff states he submitted requests for treatment regarding the delay as to his vision care and an unnamed deputy did not take his medical claims seriously, there are no factual allegations regarding who those requests were directed to or any other facts which plausibly allege any individual Defendant was aware of his need for treatment.  In addition, allegations of differences of opinion over proper medical care, inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth or Fourteenth Amendment violation.  *See Farmer*, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference), quoting *Estelle*, 429 U.S. at 105-06 (holding that "an inadvertent failure to provide medical care," allegations that "a physician has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do not state an Eighth Amendment claim as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Toguchi*, 391 F.3d at 1058 (a disagreement over the necessity or extent of medical treatment does not show deliberate indifference); *Gordon*, 888 F.3d at 1124-25 (a pre-trial detainee must show more than lack of due care or negligence).

If Plaintiff wishes to proceed with his claims against any individual Defendant, he must provide facts which plausibly allege they "made an intentional decision with respect to the conditions under which" he was confined, which placed him "at substantial risk of

suffering serious harm," and caused his injuries by failing to "take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved." *Gordon*, 888 F.3d at 1125.

Accordingly, the Court *sua sponte* dismisses the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

### E. Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to sufficiently allege a § 1983 claim if he can and if he wishes to attempt to do so. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

3. **DIRECTS** the Watch Commander VDF, or their designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, Vista Detention Facility, 325 South Melrose Drive, Vista, California 92081.

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him thirty (30) days leave from the date of this Order in which to file an

Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. The Clerk of Court is directed to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: January 17, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge