UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD PATTON<br>Inmate No. 20948281,<br><br>                                  Plaintiff,<br><br>v.<br><br>ANTHONY REY, Interim Sheriff; SONIA L. MANNING, Facility Commander; MONTGOMERY, Chief Medical Officer; COUNTY OF SAN DIEGO; MARTINEZ, Sheriff,<br><br>                                  Defendants. | Case No.: 3:22-cv-02028-CAB-MDD<br><br>**ORDER SUA SPONTE DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. § 1915(e)(2)(B)(ii)** |

**I.   Procedural History**

On December 19, 2022, Arnold Patton ("Plaintiff"), currently detained at the Vista Detention Facility ("VDF") in Vista, California, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.  On January 17, 2023, the Court GRANTED Plaintiff's Motion to Proceed IFP and sua sponte DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Jan. 17, 2023 Order, ECF No. 3 at 11-12.  Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order.

*See id.* On February 9, 2023, Plaintiff filed his First Amended Complaint ("FAC"). *See* ECF No. 4. However, once again, the Court found that Plaintiff failed to state a claim in his FAC and DISMISSED his FAC pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Mar. 6, 2023, Order, ECF No. 5 at 10. Nevertheless, the Court provided Plaintiff one final opportunity to amend his pleading to comply with the Court's Order. *See id.* On March 27, 2023, Plaintiff filed his Second Amended Complaint ("SAC") and for the reasons set forth below, the Court finds, once again, that Plaintiff has not stated a claim upon which § 1983 relief may be granted.

## II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)

### A.     Standard of Review

As the Court previously informed Plaintiff, because he is proceeding IFP, Plaintiff's SAC is also subject to sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

### B.     Plaintiff's Allegations

In October of 2022, Plaintiff was in his cell when he began experiencing chest pains. *See* SAC at 3. Plaintiff pressed the "emergency intercom button several times" but no officer responded to his call. *Id.* Plaintiff thought he would get relief when Deputy Woods walked by his cell, but he allegedly ignored Plaintiff's calls. *See id.* Just a "short while" later, Sergeant Moon walked by Plaintiff's cell, noticed he was "in distress," and placed Plaintiff in a wheelchair to take him to the medical department. *Id.* Initially, Plaintiff claims the nursing staff did not treat him but after Sergeant Moon "intervened and told them [he] was having chest pains," he was seen by an unnamed jail doctor. *Id.* at 3-4. This doctor gave Plaintiff two "nitro" pills and he was taken to an outside hospital by ambulance. *Id.* at 4. Plaintiff remained in the hospital for seven (7) days. *See id.*

In November of 2022, Plaintiff experienced an "episode" due to his "asthma/COPD." *Id.* at 5. Plaintiff claims that they experienced several "lockdowns" due to staffing shortage and on November 23, 2022, a lockdown "activated [his] anxiety along with his "claustrophobia." *Id.* Plaintiff attempted to get the attention of staff but he claims he was ignored and "left to suffer all night." *Id.*

On April 10 or 17, 2021, Plaintiff fell off his bunk due to his "bad vertigo." *Id.* at 6. Plaintiff tried to get "emergency medical attention by pressing the intercom button several times," however, an unnamed officer answered, "what you want" and told Plaintiff that they could not help him because they were understaffed. *Id.* Plaintiff claims that he was "left to suffer in pain for hours." *Id.* at 6-7. Plaintiff was taken to medical several hours later and he was sent to the hospital. *Id.* at 7.

Plaintiff names as Defendants the County of San Diego, the former interim Sheriff of San Diego County Anthony C. Ray, the Chief Medical Officer Montgomery, Facility Commander Sonia Manning, and current San Diego Sheriff Martinez. *See id.* at 2.

Plaintiff seeks injunctive relief, $100,000 in compensatory damages, and $240,000 in punitive damages. *See id.* at 9.

### C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. Discussion

The principles underlying the Eighth Amendment's prohibition on the infliction of cruel and unusual punishment "establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[A]n inadvertent failure to provide adequate medical care," allegations that "a physician has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do not state an Eighth Amendment claim. *Estelle*, 429 U.S. at 105-06 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson*, 501 U.S. at 298. "Although routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, 'those deprivations denying "the minimal civilized measure

of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Second, "a prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety." *Farmer,* 511 U.S. at 834, quoting *Wilson*, 501 U.S. at 302-03. The deliberate indifference prong of an Eighth Amendment violation "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "[T]he prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004), quoting *Farmer*, 511 U.S. at 837.

It appears that the claims in Plaintiff's SAC detail events that occurred while he was a pre-trial detainee. As a pre-trial detainee, an objective test for deliberate indifference under the Due Process Clause of the Fourteenth Amendment is applied rather than a subjective test under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that the Due Process Clause of the Fourteenth Amendment is applicable to claims of pre-trial detainees rather than the Eighth Amendment because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.") Under the objective reasonableness standard, Plaintiff must "prove more than negligence but less than subjective intent - something akin to reckless disregard." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). To state a 42 U.S.C. § 1983 claim for inadequate medical care or unconstitutional conditions of confinement, a pre-trial detainee must plausibly allege that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the

circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries." *Id.*

### 1. County of San Diego

As the Court previously informed Plaintiff in its previous Orders, in order to state a claim against Defendant County of San Diego, Plaintiff must allege that: (1) he was deprived of a constitutional right, (2) the County has a policy, custom or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom or practice was the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011), citing *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.")  Municipal liability may be shown when an employee who committed the constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014), citing *Monell*, 436 U.S. at 694.  Municipal liability arising from an alleged failure to train jail staff requires allegations "that 'the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Rodriguez v. City of Los Angeles*, 891 F.3d 776, 802 (9th Cir. 2018), quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

Plaintiff's allegation that there was a delay in treatment from the one episode of experiencing chest pains, the fall from his bunk or the delay in response to his request for treatment for his COPD, by themselves, fails to state a municipal liability claim because "proof of a single incident of unconstitutional activity," or even a series of "isolated or

sporadic incidents" will not give rise to § 1983 municipal liability. *Grant v. County of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 1996); *Monell*, 436 U.S. at 691 (for an unwritten policy or custom to form the basis of a claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice). Rather, liability based on custom, practice or policy "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Facts regarding the specific nature of the policy, custom or practice are required, as merely stating the subject to which the policy relates, such as medical care, is insufficient. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (a complaint with conclusory allegation of a municipal policy fails to state a claim where it does not "put forth additional facts regarding the specific nature of this alleged policy, custom or practice.")

Despite the Court informing Plaintiff of the deficiencies found in his original Complaint and FAC, Plaintiff makes no attempt to allege sufficient facts to demonstrate that there was a "custom, policy or practice" that was followed by any individual that would rise to the level of stating a municipal liability against the County of San Diego. Specifically, the Court informed Plaintiff that "[i]f Plaintiff wishes to proceed with a claim against the County of San Diego, he must set forth factual allegations which identify a San Diego County custom, policy or practice *and* plausibly allege a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Jan. 17, 2023 Order, ECF No. 3 at 8 citing *Collins v. County of Harker Heights*, 503 U.S. 115, 123 (1992); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (in order to impose liability on a local government under § 1983 a plaintiff must plead and prove that an "action pursuant to official municipal policy" caused their injury.) However, once again, Plaintiff has not plausibly alleged that any custom or policy has resulted in deliberate indifference because he has not identified any effect on him, other than three instances of a few hours delay in receiving medical treatment over an eighteen month period of time, and thus, does not plausibly allege a violation of the Eighth or Fourteenth Amendment. *See Grant*, 772 F.3d

at 618 ("proof of a single incident of unconstitutional activity," or even a series of "isolated or sporadic incidents" will not give rise to § 1983 municipal liability); *Monell*, 436 U.S. at 691 (for an unwritten policy or custom to form the basis of a claim, it must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice). These three instances occurred over an eighteen-month period and thus, do not rise to the level of a finding that there was a "persistent and widespread" practice of denying medical care.

### 2. Individual Defendants

Once again, Plaintiff names as the remaining Defendants the former interim Sheriff of San Diego County, the current Sheriff of San Diego County, the Chief Medical Director, and the Facility Commander. Even though the Court instructed Plaintiff in the previous Orders that he must allege specific factual allegations as to these named Defendants, he still fails to do so. In order to state a claim under 42 U.S.C. § 1983 against these Defendants, Plaintiff must allege facts sufficient to show that each Defendant individually participated in causing a constitutional violation. "[A] plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the constitution." *Iqbal*, 556 U.S. at 676-77 (rejecting argument that "a supervisor's mere knowledge of his subordinate's [unconstitutional actions] amounts to the supervisor's violating the Constitution.") "A supervisory official may be held liable under § 1983 only if 'there exists either (1) his or her personal involvement in the constitutional violation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018), quoting *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011). "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (internal quote marks omitted).

Plaintiff was informed that he must set forth factual allegations identifying individual acts or omissions by each person related to his medical treatment or conditions of confinement which resulted in a constitutional violation. *See* Jan. 17, 2023 Order, ECF

No. 3 at 9 and Mar. 6, 2023 Order, ECF No. 5 at 8 citing *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); *Gordon*, 888 F.3d at 1125 (in order to state a § 1983 claim for inadequate medical care or unconstitutional conditions of confinement a pre-trial detainee must plausibly allege that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries.")  Although Plaintiff states he submitted requests for treatment regarding the delay as to the injuries from the fall from his bunk and an unnamed deputy did not take his medical claims seriously on two occasions several months apart, there are no factual allegations regarding who those requests were directed to or any other facts which plausibly allege any individual named Defendant was aware of his need for treatment.  In addition, allegations of differences of opinion over proper medical care, inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth or Fourteenth Amendment violation. *See Farmer*, 511 U.S. at 835 ("[N]egligen(ce) in diagnosing or treating a medical condition" does not amount to deliberate indifference), quoting *Estelle*, 429 U.S. at 105-06 (holding that "an inadvertent failure to provide medical care," allegations that "a physician has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do not state an Eighth Amendment claim as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Toguchi*, 391 F.3d at 1058 (a disagreement over the necessity or extent of medical treatment does not show deliberate indifference); *Gordon*, 888 F.3d at 1124-25 (a pre-trial detainee must show more than lack of due care or negligence).

Plaintiff was specifically informed by this Court that he must provide facts which plausibly allege they "made an intentional decision with respect to the conditions under which" he was confined, which placed him "at substantial risk of suffering serious harm," and caused his injuries by failing to "take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved." *See* Mar. 6, 2023, Order at 9 citing *Gordon*, 888 F.3d at 1125.

However, Plaintiff has failed to correct any of the deficiencies identified in the Court's previous two Orders and thus, the Court *sua sponte* dismisses the entire SAC for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

### III. Conclusion and Order

For the reasons explained, the Court:

Good cause appearing, the Court:

**DISMISSES** Plaintiff's SAC on the ground that he has failed to state a claim pursuant to 28 U.S.C. § 28 U.S.C. § 1915(e)(2). The Court also **DENIES** Plaintiff leave to amend as futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)

**DIRECTS** the Clerk of Court to **CLOSE** the file.

**IT IS SO ORDERED**.

Dated: April 18, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge